**GJR MANAGEMENT HOLDINGS, L.P. and Private Mini Storage Holdings, L.P., Appellants,**

v.

**JACK RAUS, LTD. and JMG Construction, Inc., Appellees.**

No. 04–03–00268–CV.

Court of Appeals of Texas, San Antonio.

Nov. 5, 2003.

Rehearing Overruled Nov. 26, 2003.

---

Robert A. Plessala, Gregory M. Cokinos, Cokinos, Bosien & Young, Houston, Luther H. Soules, III, Soules & Wallace, P.C., San Antonio, for appellants.

Elliot Clark, Mark C. Guthrie, Winstead Sechrest & Minick, P.C., John B. Wallace, R. Stephen Ferrell, Giessel, Barker & Lyman, P.C., Houston, for appellees.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: KAREN ANGELINI, Justice.

This is an arbitration case arising out of a breach-of-contract suit between GJR Management Holdings, Inc. ("GJR") and Jack Raus, Ltd. ("Raus"). GJR appeals 1) the trial court's order denying its motion to vacate the arbitration award; and 2) the trial court's order denying its motion for new trial.[1] We affirm the judgment of the trial court.

### BACKGROUND

In 1998, GJR contracted with Raus for Raus to build an asphalt paving area at a Private Mini Storage Facility. Raus subcontracted a portion of the work to JMG Construction, Inc. ("JMG"). The contract between GJR and Raus included an arbitration provision. Following alleged failures in the asphalt, GJR initiated arbitration proceedings against Raus. Raus joined JMG in the arbitration. The arbitration hearings were held, resulting in an award in favor of Raus.

GJR filed suit against Raus and JMG seeking to vacate the award, claiming arbi-

---

1. Appellants include GJR and Private Mini Storage Holdings, L.P. As appellants filed one brief on the merits, however, we will refer to them as "GJR."

trator misconduct and gross mistake. In response, Raus moved to confirm the award. The trial court denied GJR's motion and confirmed the award, entering a final judgment in accordance with the award. After the judgment was entered, GJR filed a supplemental motion to vacate, claiming newly-discovered evidence of arbitrator partiality. GJR then moved for rehearing and/or new trial on the same grounds. The motion was denied.

GJR asks us to reverse the judgment of the trial court denying GJR's motions and remand the case for a new hearing and/or new trial. It presents the following issues on appeal:

1) Did the trial court err by refusing to grant rehearing or a new trial?

2) Did the trial court err by failing to vacate the arbitration award due to arbitrator misconduct?

3) Did the trial court err by failing to vacate the arbitration award due to gross mistake?

### MOTION FOR NEW TRIAL

■ After the trial court entered judgment, GJR filed a supplemental motion to vacate the arbitration award based on newly-discovered evidence of "evident partiality." GJR now argues that the trial court erred in failing to grant the motion. Because, however, GJR filed this motion *after* the trial court had already entered judgment, it was too late to vacate the award. Moreover, the trial court did not rule on the motion. Accordingly, GJR has not preserved its complaint for appellate review. Tex.R.App. P. 33.1(a)(2)(A). Therefore, we overrule this issue on appeal.

GJR then filed a motion for new trial, in which it also sought to establish newly-discovered evidence of evident partiality. This motion was denied by the trial court.

We review a trial court's decision on a motion for new trial under an abuse of discretion standard. *Champion Int'l Corp. v. Twelfth Court of Appeals,* 762 S.W.2d 898, 899 (Tex.1988) (orig. proceeding). To establish an abuse of discretion, the complaining party must demonstrate that the trial court acted unreasonably, arbitrarily, or without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). When reviewing a trial court's order denying a motion for new trial, we make every reasonable presumption in favor of the trial court's ruling. *Jackson v. Van Winkle,* 660 S.W.2d 807, 809–10 (Tex.1983).

■ In their briefs, both parties begin by discussing whether GJR met the filing requirements for motions to vacate. The Texas Civil Practices and Remedies Code provides: "A party must make an application under this section not later than the 90th day after the date of delivery of a copy of the award to the applicant." Tex. Civ. Prac. & Rem.Code Ann. § 171.088(b) (Vernon Supp.2002). This rule, however, does not apply to motions for new trial. Thus, GJR's motion for new trial did not need to meet the requirements for motions to vacate.

Moving on to the substantive issue, was the trial court's order denying GJR's motion for new trial an abuse of discretion?

■ A party seeking a new trial on the ground of newly-discovered evidence must show the trial court that: 1) the evidence has come to his knowledge since the trial; 2) it was not owing to the want of due diligence that it did not come sooner; 3) it is not cumulative; and 4) it is so material that it would probably produce a different result if a new trial were granted. *Van Winkle,* 660 S.W.2d at 809; *Smith v. Le-*

*vine,* 911 S.W.2d 427, 433 (Tex.App.-San Antonio 1995, writ denied).

In support of its motion for new trial, GJR presented an affidavit by Gregory Cokinos, counsel for GJR. The affidavit alleges the following: 1) On December 2, 2002, Cokinos heard from one of his partners that Steve Paxson, an arbitrator in this case, served as an arbitrator in a case where the award was vacated for Paxson's non-disclosure of material information; 2) On December 11, 2002, Cokinos obtained copies of the pleadings and orders of that case, *Falbaum v. Houston Village Builders, Inc.,* from the district clerk's office; 3) Upon reading the pleadings and orders, Cokinos learned the following: (a) Mr. Paxson served as general counsel to the Greater Houston Builders Association ("GHBA"); (b) Mr. Paxson submitted amicus briefs to the Texas Supreme Court on behalf of GHBA advocating a change in the amount of damages owners can collect from contractors; (c) Mr. Paxson has a pro-contractor bias; (d) Mr. Paxson refused to follow the law when he arbitrated in *Falbaum;* and (e) Mr. Paxson failed to disclose to the Falbaums that he was advocating a change in the law on behalf of GHBA; and 4) Cokinos would never have agreed to the appointment of Mr. Paxson had he known these facts; he had no reason to question Mr. Paxson's background or the scope of his disclosures at the time of his nomination and appointment; the newly discovered information is not cumulative; and the information explains why GJR, despite being a prevailing party, received no award of attorneys' fees.

According to Raus, Cokinos's affidavit is incompetent evidence for the following reasons: 1) It contains inadmissible hearsay regarding Cokinos's alleged conversations with an unnamed partner in his firm; 2) It contains conclusory allegations about Arbitrator Paxson's alleged bias; 3) It contains inadmissible, speculative, and self-serving testimony about what Cokinos would have done; and 4) It contains inadmissible, speculative mischaracterizations of Arbitrator Paxson's positions in unrelated cases. Because, however, GJR's motion fails *on its face* to meet the four-part test for a new trial based on newly-discovered evidence, we do not need to reach these evidentiary issues on appeal.

GJR's motion fails to meet the four-part test for a new trial based on newly-discovered evidence for three reasons: 1) It does not show that the evidence came to GJR's knowledge since the trial; 2) It does not show that it was not owing to the want of GJR's due diligence that the information did not come sooner; and 3) It does not show that the evidence is so material that it would have produced a different result had a new trial been granted.

■ First, GJR's motion does not show that the evidence came to GJR's knowledge since the trial. According to Cokinos's affidavit, he first heard the information December 2, 2002. He received copies of the pleadings and orders December 11, 2002. Both these dates *precede* December 16, 2002, the date of judgment.

Nevertheless, GJR argues that it *does* meet the first prong because the trial was concluded by December 2, 2002, the date additional briefing on the motion to vacate was due. GJR fails to offer (nor do we find) any legal support for this assertion. GJR also argues that a traditional trial on the merits did not occur, implying that the four-part test may not apply. GJR does not offer, however (nor do we find), an alternative legal standard by which to review its motion.

Because GJR has failed to show that the evidence came to GJR's knowledge *since*

the trial, GJR fails to meet the first prong of the test.

■ Second, GJR's motion does not show due diligence. It is difficult to apply this prong of the test, as this prong *assumes* the information came *after* the trial, and here, it did not. *See Levine*, 911 S.W.2d at 433 ("At the very least, the movant must bring forward non-cumulative evidence of which the movant *did not become aware*, and *could not with the exercise of diligence have become aware*, until *after trial*, and this newly-discovered evidence must be so material that it would probably produce a different result.") (emphasis added). If we do apply this prong, however, GJR fails to satisfy it, because findings of fact and conclusions of law made by the court in the *Falbaum* case were entered October 24, 2001, almost a year before the close of trial. Thus, GJR could have procured the information sooner.

■ GJR argues that having to monitor all potential cases where an arbitratror may commit an act affecting its case is an "absurdly impossible burden." This argument, however, reflects a misunderstanding of Texas law. Texas law provides that the burden is on the movant to show he *could not have* discovered the evidence had he tried, not that discovering is so burdensome he *should not have had to* try. *See Van Winkle*, 660 S.W.2d at 810 (finding a lack of due diligence where "[t]here is no showing that Mr. Ramos or anyone from his office even attempted to search the Board records"); *Levine*, 911 S.W.2d at 433–34 (finding a lack of due diligence where "nothing in the record before us establishes or even suggests that the Smiths could not have discovered that McNeil was not certified by the Texas Appraiser Licensing and Certification Board prior to trial"); *Dorbandt v. Jones*, 492 S.W.2d 601, 603 (Tex.Civ.App.-Austin

1973, writ ref'd n.r.e.) ("[D]iligence has not been exercised if the same effort used to procure the testimony subsequent to trial would have had the same result if exercised prior to trial."). Because GJR has failed to show due diligence, it does not meet the second prong of the test.

■ Third, GJR's motion does not show that the evidence is so material that it would have produced a different result had a new trial been granted. "In passing on a motion for new trial on the ground of newly discovered evidence, the court will take into consideration the weight and the importance of the new evidence *and its bearing in connection with the evidence received at trial.*" *Van Winkle*, 660 S.W.2d at 809 (emphasis added). Here, we have no record of the evidence presented either at the arbitration hearing or at the hearing on the motion for new trial. Thus, we have no way of comparing how the new evidence bears on the evidence received at trial. Accordingly, GJR has failed to show that the evidence is so material that it would have produced a different result had a new trial been granted.

Because GJR cannot meet the four-part test required for a new trial based on newly-discovered evidence, we overrule GJR's first issue.

### ARBITRATOR MISCONDUCT

■ We review the confirmation of an arbitration award *de novo*. *Amer. Realty Trust, Inc. v. JDN Real Estate-McKinney, L.P.*, 74 S.W.3d 527, 531 (Tex. App.-Dallas 2002, pet. denied). In Texas, review of arbitration awards is extraordinarily narrow. *Cooper v. Bushong*, 10 S.W.3d 20, 24 (Tex.App.-Austin 1999, pet. denied). Accordingly, we must indulge every reasonable presumption in favor of upholding the arbitration award. *Id.*

■ The Texas Civil Practices and Remedies Code provides that the trial court "shall vacate an award if the rights of a party were prejudiced by misconduct or wilful misbehavior of an arbitrator." TEX. CIV. PRAC. & REM.CODE ANN. § 171.088(a)(2)(C) (Vernon 2001). An award can be vacated based on misconduct only if the conduct so affects the rights of the party that it may be said to deprive him of a fair hearing. *Mullinax, Wells, Baab, & Cloutman, P.C. v. Sage*, 692 S.W.2d 533, 536 (Tex.App.-Dallas 1985, writ ref'd n.r.e.). Only in extreme cases will a court vacate an award because of misconduct. *See Nuno v. Pulido*, 946 S.W.2d 448, 452 (Tex.App.-Corpus Christi 1997, no writ) ("A mere mistake of fact or law is insufficient to set aside an arbitration award; only those errors of fact or law that result in a fraud or some great and manifest wrong and injustice warrant setting aside an arbitration award.").

According to GJR, the trial court erred in confirming the arbitration award because during the arbitration, Arbitrator Williams committed the following acts of misconduct: 1) Williams surfed the Internet and then examined witnesses based on information he had found; 2) Williams did not make this information available to the parties; and 3) Williams was e-mailing instead of paying attention to the proceedings.

■ We have no record, however, to support these allegations. There is neither a record of the arbitration hearing nor a record of the hearing on the motion to vacate. Texas law provides that a losing party seeking to modify or vacate an arbitration award has the burden in the trial court of bringing forth the complete record and establishing any basis, including constitutional grounds, which would warrant a vacated or modified award. *Kline v. O'Quinn*, 874 S.W.2d 776, 790

(Tex.App.-Houston [14th Dist.] 1994, writ denied) (op. on motions for reh'g). Because we have no record, we have no way of judging whether the misconduct in fact occurred and, if it occurred, whether it deprived GJR of a fair hearing. Accordingly, we overrule GJR's second issue.

## GROSS MISTAKE

Again, we review the confirmation of an arbitration award *de novo*. *Amer. Realty Trust*, 74 S.W.3d at 531. In Texas, review of arbitration awards is extraordinarily narrow. *Cooper*, 10 S.W.3d at 24. Accordingly, we must indulge every reasonable presumption in favor of upholding the arbitration award. *Id.*

■ GJR argues that the trial court erred in confirming the award because the amount of the asphalt-paving award and the failure to award GJR attorneys' fees is a gross mistake. Gross mistake is a mistake that implies bad faith or failure to exercise honest judgment. *Callahan & Assocs. v. Orangefield Indep. Sch. Dist.*, 92 S.W.3d 841, 844 (Tex.2002); *see also Albert v. Albert*, 391 S.W.2d 186, 188 (Tex.Civ. App.-San Antonio 1965, writ ref'd n.r.e.) ("It is well settled law that the award of an arbitrator in a matter properly submitted to arbitration is final and conclusive, unless it be shown that the arbitrator was guilty of fraud, misconduct, or such gross mistake as would imply bad faith or failure to exercise an honest judgment.").

■ Again, we have no record to support these allegations. There is neither a record of the arbitration hearing nor a record of the hearing on the motion to vacate. Texas law provides that a losing party seeking to modify or vacate an arbitration award has the burden in the trial court of bringing forth the complete record and establishing any basis, including constitutional grounds, which would warrant a

vacated or modified award. *O'Quinn*, 874 S.W.2d at 790. Because we have no record, we have no way of judging whether bad faith or failure to exercise honest judgment in fact occurred. Accordingly, we overrule GJR's third issue.

### CONCLUSION

Because GJR cannot meet the four-part test for a new trial based on newly-discovered evidence, we affirm the trial court's order denying the motion for new trial.

Because there is no record to support GJR's claims of arbitrator misconduct and gross mistake, we affirm the trial court's order denying the motion to vacate.