Sherrill Iverson Pettus v. Jo Ann Geurin Pettus

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-133-CV

SHERRILL IVERSON PETTUS APPELLANT

V.

JO ANN GEURIN PETTUS APPELLEE

------------

FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Sherrill Iverson Pettus claims that the trial court erred by confirming and refusing to vacate fifteen arbitration awards.  Because the trial court’s error, if any, in confirming the arbitration awards and in refusing to vacate them did not cause rendition of an improper judgment or prevent Sherrill from properly presenting his appeal to this court, the rules of appellate procedure preclude us from reversing the trial court’s order.  
See
 
Tex. R. App. P.
 44.1(a).  Consequently, we will affirm.

II.  Factual and Procedural Background

Sherrill and Appellee Jo Ann Geurin Pettus—the parties in an underlying divorce action that is still pending—entered into a Rule 11 agreement that was subsequently reduced to writing concerning the day-to-day operation of the closely held corporations they jointly own as their community property.  The agreement addressed such issues as check signing, approval of wire transfers, the creation of new companies, the making of new financial commitments, and similar issues.  The agreement also provided that the parties would arbitrate any disputes arising between them concerning the day-to-day operation of their jointly owned companies.  The parties mutually selected Jim Davis as the arbitrator and agreed that “any decision he makes will be final and no longer appealable.”

Thereafter, Davis issued a series of arbitration awards.  None of the arbitrations involved, or resulted in, a monetary award.  The arbitrations involved resolution of such matters as whether Sherrill could sign payroll checks, the procedure for business mail distribution between the parties, and other specific business-related issues.  Many of the arbitration awards were favorable to Sherrill.  Eventually, Jo Ann filed a motion in the trial court to confirm the awards, and Sherrill filed a motion to vacate the awards.  The trial court granted Jo Ann’s motion and denied Sherrill’s motion.  Sherrill then filed this appeal.

During oral argument before this court, Sherrill agreed that he is not contesting all fifteen of the awards.  He focused his complaints on three types of awards:  the awards concerning check signing authority, the awards concerning job contracts, and the award concerning insurance.  Sherrill’s complaint is that he was not provided with proper notice that Jo Ann had moved to arbitrate these issues and that he was deprived of his right to be heard regarding how the company should be operated.  Thus, he prays that this court will reverse the trial court’s order confirming the arbitration awards and remand the case to the trial court.

III.  No Relief Available From This Court

A.  
No Reversible Error

Sherrill complains that the arbitrator’s awards should not have been confirmed because he was not afforded an opportunity to be heard.  We examine the awards challenged by Sherrill.

The record reflects that the arbitrator did in fact consult with Sherrill prior to entering each of the awards dealing with check signing authority. 

Concerning the two awards resolving Jo Ann’s complaints that Sherrill approved or signed job contracts without showing them to her, the record supports Sherrill’s contention that the arbitrator did not contact him prior to making the award resolving these complaints.  The arbitrator found, however, that Sherrill had violated a specific provision of the Rule 11 agreement, quoted in the arbitrator’s ruling, requiring him to forward job contracts to Jo Ann after  he had reviewed and signed them.  Sherrill was a party to the Rule 11 agreement; that agreement was even made a part of the agreed additional temporary orders in the divorce case.  Consequently, Sherrill did have notice of the conduct he agreed to—forwarding job contracts to Jo Ann for her review—and he has not alleged that he had any defense to his breach of the agreement.  In short, Sherrill has not explained how his lack of notice concerning these two arbitration matters caused him to suffer any prejudice or harm; the arbitrator simply ruled that Sherrill “violated the terms of the [Rule 11 agreement].”  No sanction or monetary penalty was awarded against Sherrill.

Finally, Jo Ann asked the arbitrator to resolve the issue of “which of two proposals for general liability insurance should be accepted” because the company’s general liability policy expired two days later.  Sherrill was out of town and time was of the essence, so the arbitrator ruled on the issue without contacting Sherrill.  Again, Sherrill has not explained how the arbitrator’s ruling would have been different if he would have spoken with Sherrill prior to making his ruling.  Nor did Sherrill offer any evidence at the hearing on Jo Ann’s motion to confirm these awards concerning information he would like to have placed before the arbitrator.  
See GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.
, 126 S.W.3d 257, 263 (Tex. App.—San Antonio 2003, pet. denied) (stating that Texas law provides that losing party seeking to vacate arbitration award has burden in trial court of bringing forth complete record and establishing any basis warranting vacation of the award).

We review confirmation of an arbitration award de novo. 
 Id
. at 262.  In Texas, review of arbitration awards is extraordinarily narrow.  
Id.
  Accordingly, we must indulge every reasonable presumption in favor of upholding the arbitration award.  
Id.  
Here, we cannot conclude that the trial court erred by confirming the arbitration awards, and based on the record before us, any error in the confirmation of the awards would not be reversible.
  See 
Tex. R. App. P.
 44.1(a); 
see, e.g., IPCO-G. & C. Joint Venture v. A.B. Chance Co.
, 65 S.W.3d 252, 260 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (holding that arbitrator’s decision not to allow IPCO to present further evidence was not sufficient cause to vacate arbitration award); 
Cooper v. Bushong
, 10 S.W.3d 20, 25 (Tex. App.—Austin 1999, pet. denied) (holding that Cooper did not indicate any act by arbitrator that invoked appellate court’s right to vacate the arbitrator’s award under the General Arbitration Act).  We overrule Sherrill’s second issue.

B.  Jurisdiction

In his first issue, Sherrill contends that the arbitration awards are not common law awards but instead are governed procedurally by the Texas General Arbitration Act (TGAA) and substantively by the Federal Arbitration Act (FAA).  Accordingly, he asserts that this court possesses jurisdiction over this appeal pursuant to the TGAA. Jo Ann does not respond to or brief the jurisdictional issue raised by Sherrill. 

We hold that we possess jurisdiction over this appeal under the TGAA because the parties’ Rule 11 agreement, including the arbitration provision, was reduced to writing and signed by the parties and because the agreement was to arbitrate controversies that arose in the operation of the parties’ companies after the date of the agreement.  
See 
Tex. Civ. Prac. & Rem. Code Ann.
 §§ 171.001, 171.098 (Vernon Supp. 2004-05).  We decline to provide a detailed jurisdictional analysis, however, because the result of this appeal is the same whether we possess jurisdiction under the FAA, the TGAA, or lack jurisdiction.
(footnote: 2)  
See
 
Tex. R. App. P.
 47.1.  Under any of these scenarios, we cannot grant relief to Sherrill.

IV.  Conclusion

Having ruled that we possess jurisdiction and having overruled Sherrill’s second issue, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: HOLMAN, WALKER, and MCCOY, JJ.

DELIVERED: December 23, 2004

However, he admitted that his client is no longer encountering problems with receiving notice or giving his input because the parties have instituted a three-member arbitration panel to resolve impasses encountered in running the company. [oral arg tape]

However, a trial court shall vacate an award if the arbitrators exceeded their powers, refused to postpone the hearing after a showing of sufficient cause for the postponement, refused to hear evidence material to the controversy, or conducted the hearing in a manner that substantially prejudiced the rights of a party.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 171.088(a)(3).

Sherrill’s argument that the arbitration proceedings were “fundamentally unfair,” a term from the FAA, basically falls into the latter two vacatur categories under the TGAA—the arbitrator refused to hear evidence material to the controversy or conducted the hearing in a manner that substantially prejudiced the rights of a party.  

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
The FAA requires us to dismiss Sherrill’s appeal because under the FAA mandamus is the proper vehicle to challenge an order denying a motion to vacate.  
See Russ Berrie and Co., Inc. v. Gantt
, 998 S.W.2d 713, 714-15 (Tex. App.—El Paso 1999, no pet.) (holding that relief from arbitration order governed by FAA must be pursued by petition for writ of mandamus); 
see generally
 9 U.S.C. §§ 1-16 (1999).  The TGAA requires us to affirm the trial court’s order for the reasons set forth above.  And, if we lack jurisdiction altogether, we are required to dismiss Sherrill’s appeal, also resulting in an affirmance of the trial court’s judgment.