COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-133-CV
 
 
SHERRILL 
IVERSON PETTUS                                                   APPELLANT
 
V.
 
JO 
ANN GEURIN PETTUS                                                          APPELLEE
 
 
------------
 
FROM 
THE 90TH DISTRICT COURT OF YOUNG COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. Introduction

        Appellant 
Sherrill Iverson Pettus claims that the trial court erred by confirming and 
refusing to vacate fifteen arbitration awards. Because the trial court’s 
error, if any, in confirming the arbitration awards and in refusing to vacate 
them did not cause rendition of an improper judgment or prevent Sherrill from 
properly presenting his appeal to this court, the rules of appellate procedure 
preclude us from reversing the trial court’s order. See Tex. R. App. P. 44.1(a). Consequently, 
we will affirm.
II. Factual and 
Procedural Background
        Sherrill 
and Appellee Jo Ann Geurin Pettus—the parties in an underlying divorce action 
that is still pending—entered into a Rule 11 agreement that was subsequently 
reduced to writing concerning the day-to-day operation of the closely held 
corporations they jointly own as their community property. The agreement 
addressed such issues as check signing, approval of wire transfers, the creation 
of new companies, the making of new financial commitments, and similar issues. 
The agreement also provided that the parties would arbitrate any disputes 
arising between them concerning the day-to-day operation of their jointly owned 
companies. The parties mutually selected Jim Davis as the arbitrator and agreed 
that “any decision he makes will be final and no longer appealable.”
        Thereafter, 
Davis issued a series of arbitration awards. None of the arbitrations involved, 
or resulted in, a monetary award. The arbitrations involved resolution of such 
matters as whether Sherrill could sign payroll checks, the procedure for 
business mail distribution between the parties, and other specific 
business-related issues. Many of the arbitration awards were favorable to 
Sherrill. Eventually, Jo Ann filed a motion in the trial court to confirm the 
awards, and Sherrill filed a motion to vacate the awards. The trial court 
granted Jo Ann’s motion and denied Sherrill’s motion. Sherrill then filed 
this appeal.
        During 
oral argument before this court, Sherrill agreed that he is not contesting all 
fifteen of the awards. He focused his complaints on three types of awards: the 
awards concerning check signing authority, the awards concerning job contracts, 
and the award concerning insurance. Sherrill’s complaint is that he was not 
provided with proper notice that Jo Ann had moved to arbitrate these issues and 
that he was deprived of his right to be heard regarding how the company should 
be operated. Thus, he prays that this court will reverse the trial court’s 
order confirming the arbitration awards and remand the case to the trial court.
III. No Relief 
Available From This Court
A. No Reversible Error
        Sherrill 
complains that the arbitrator’s awards should not have been confirmed because 
he was not afforded an opportunity to be heard. We examine the awards challenged 
by Sherrill.
        The 
record reflects that the arbitrator did in fact consult with Sherrill prior to 
entering each of the awards dealing with check signing authority.
        Concerning 
the two awards resolving Jo Ann’s complaints that Sherrill approved or signed 
job contracts without showing them to her, the record supports Sherrill’s 
contention that the arbitrator did not contact him prior to making the award 
resolving these complaints. The arbitrator found, however, that Sherrill had 
violated a specific provision of the Rule 11 agreement, quoted in the 
arbitrator’s ruling, requiring him to forward job contracts to Jo Ann after he 
had reviewed and signed them. Sherrill was a party to the Rule 11 agreement; 
that agreement was even made a part of the agreed additional temporary orders in 
the divorce case. Consequently, Sherrill did have notice of the conduct he 
agreed to—forwarding job contracts to Jo Ann for her review—and he has not 
alleged that he had any defense to his breach of the agreement. In short, 
Sherrill has not explained how his lack of notice concerning these two 
arbitration matters caused him to suffer any prejudice or harm; the arbitrator 
simply ruled that Sherrill “violated the terms of the [Rule 11 agreement].” 
No sanction or monetary penalty was awarded against Sherrill.
        Finally, 
Jo Ann asked the arbitrator to resolve the issue of “which of two proposals 
for general liability insurance should be accepted” because the company’s 
general liability policy expired two days later. Sherrill was out of town and 
time was of the essence, so the arbitrator ruled on the issue without contacting 
Sherrill. Again, Sherrill has not explained how the arbitrator’s ruling would 
have been different if he would have spoken with Sherrill prior to making his 
ruling. Nor did Sherrill offer any evidence at the hearing on Jo Ann’s motion 
to confirm these awards concerning information he would like to have placed 
before the arbitrator. See GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd., 
126 S.W.3d 257, 263 (Tex. App.—San Antonio 2003, pet. denied) (stating that 
Texas law provides that losing party seeking to vacate arbitration award has 
burden in trial court of bringing forth complete record and establishing any 
basis warranting vacation of the award).
        We 
review confirmation of an arbitration award de novo. Id. at 262. In 
Texas, review of arbitration awards is extraordinarily narrow. Id. 
Accordingly, we must indulge every reasonable presumption in favor of upholding 
the arbitration award. Id. Here, we cannot conclude that the trial court 
erred by confirming the arbitration awards, and based on the record before us, 
any error in the confirmation of the awards would not be reversible. See Tex. R. App. P. 44.1(a); see, e.g., 
IPCO-G. & C. Joint Venture v. A.B. Chance Co., 65 S.W.3d 252, 260 (Tex. 
App.—Houston [1st Dist.] 2001, pet. denied) (holding that arbitrator’s 
decision not to allow IPCO to present further evidence was not sufficient cause 
to vacate arbitration award); Cooper v. Bushong, 10 S.W.3d 20, 25 (Tex. 
App.—Austin 1999, pet. denied) (holding that Cooper did not indicate any act 
by arbitrator that invoked appellate court’s right to vacate the 
arbitrator’s award under the General Arbitration Act). We overrule 
Sherrill’s second issue.
B. Jurisdiction
        In 
his first issue, Sherrill contends that the arbitration awards are not common 
law awards but instead are governed procedurally by the Texas General 
Arbitration Act (TGAA) and substantively by the Federal Arbitration Act (FAA). 
Accordingly, he asserts that this court possesses jurisdiction over this appeal 
pursuant to the TGAA. Jo Ann does not respond to or brief the jurisdictional 
issue raised by Sherrill.
        We 
hold that we possess jurisdiction over this appeal under the TGAA because the 
parties’ Rule 11 agreement, including the arbitration provision, was reduced 
to writing and signed by the parties and because the agreement was to arbitrate 
controversies that arose in the operation of the parties’ companies after the 
date of the agreement. See Tex. 
Civ. Prac. & Rem. Code Ann. §§ 171.001, 171.098 (Vernon Supp. 
2004-05). We decline to provide a detailed jurisdictional analysis, however, 
because the result of this appeal is the same whether we possess jurisdiction 
under the FAA, the TGAA, or lack jurisdiction.[2]  
See Tex. R. App. P. 47.1. 
Under any of these scenarios, we cannot grant relief to Sherrill.
IV. Conclusion
        Having 
ruled that we possess jurisdiction and having overruled Sherrill’s second 
issue, we affirm the trial court’s judgment.
 
  
                                                                  SUE 
WALKER
                                                                  JUSTICE
 
 
PANEL 
B:   HOLMAN, WALKER, and MCCOY, JJ.
 
DELIVERED: 
December 23, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The FAA requires us to dismiss Sherrill’s appeal because under the FAA 
mandamus is the proper vehicle to challenge an order denying a motion to vacate. 
See Russ Berrie and Co., Inc. v. Gantt, 998 S.W.2d 713, 714-15 (Tex. 
App.—El Paso 1999, no pet.) (holding that relief from arbitration order 
governed by FAA must be pursued by petition for writ of mandamus); see 
generally 9 U.S.C. §§ 1-16 (1999). The TGAA requires us to affirm the 
trial court’s order for the reasons set forth above. And, if we lack 
jurisdiction altogether, we are required to dismiss Sherrill’s appeal, also 
resulting in an affirmance of the trial court’s judgment.