MEMORANDUM OPINION

 

No. 04-06-00015-CV

IN THE INTEREST OF V.L.B., A CHILD


From the 73rd Judicial District Court, Bexar County, Texas

Trial Court No. 04-CI-03003

Honorable Michael P. Peden, Judge Presiding




Opinion by: Rebecca Simmons , Justice



Sitting: Sandee Bryan Marion, Justice

 Phylis J. Speedlin , Justice

 Rebecca Simmons , Justice



Delivered and Filed: September 13, 2006



AFFIRMED

 Brenda Brought appeals the trial court's judgment entering the arbitrator's award. On appeal Brenda Brought asserts that:
(1) the trial court erred in not vacating the arbitrator's award because the award is based on a gross mistake; and (2) Eric
Brought's child support delinquency removes the geographic restriction in the divorce decree. We affirm the judgment of
the trial court. 

Factual Background

 On February 26, 2004, Eric filed a petition for divorce. The case was referred to mediation, and on June 9, 2005, the court
entered the mediated settlement agreement as a final decree of divorce. One of the provisions of the settlement agreement
stated that the primary residence of the child would be in Bexar County unless Eric relocated outside Bexar County or is
delinquent in child support for more than 60 days. The parties also entered into a family law arbitration agreement which
provided that issues regarding child support arrearage would be submitted to final and binding arbitration. On June 29,
2005, Brenda filed a motion for enforcement of child support alleging that Eric was delinquent in child support for a period
in excess of 60 days. The case was referred to arbitration, and the arbitrator ruled in favor of Eric. The arbitrator found that
based on a preponderance of the evidence Eric had not been delinquent in child support for a period of sixty days or more. 
Brenda then filed a motion to vacate the arbitrator's award based on the common law claim of gross mistake by the
arbitrator. The trial court entered the award of the arbitrator and denied Brenda's Motion to Deny Arbitrator's Ruling. 
Brenda appeals the trial court's decision.

Gross Mistake

 In her first two issues, Brenda asserts that the arbitrator's ruling that Eric was not delinquent in his child support payments
for a period in excess of sixty days constituted a gross mistake, and the trial court erred in confirming the award.

 A. Standard of Review 

 This court reviews the trial court's confirmation of an arbitration award de novo. GJR Mgmt. Holdings, L.P. v. Jack Raus,
Ltd., 126 S.W.3d 257, 262 (Tex. App.--San Antonio, 2003, pet. denied). Review of arbitration awards is extraordinarily
narrow. Id. Because arbitration is favored as a means of dispute resolution, courts indulge every reasonable presumption in
favor of upholding the award. Id. A mere mistake of fact or law is insufficient to set aside an arbitration award. J.J.
Gregory Gourmet Servs. v. Antone's Imp. Co., 927 S.W.2d 31, 33 (Tex. App.--Houston [1st Dist.] 1995, no writ). Common
law allows a trial court to set aside an arbitration award "only if the decision is tainted with fraud, misconduct, or gross
mistake as would imply bad faith and failure to exercise honest judgment." Teleometrics Int'l, Inc. v. Hall, 922 S.W.2d 189,
193 (Tex. App.--Houston [1st Dist.] 1995, writ denied). 

 B. Analysis

 One of the issues submitted to the arbitrator was "[w]hether, at any relevant time, Eric was in arrears in child support for 60
days or more." The arbitrator concluded that "[b]ased upon a preponderance of the evidence, Eric has not been delinquent
in child support for a period of 60 days or more." The Agreed Final Divorce Decree, required Eric to pay Brenda child
support of $150.00 per month beginning on March 1, 2005. Brenda points to the "Financial Activity Report as of 7/11/2005
" from the Attorney General of Texas showing that the initial child support payment was received on May 3, 2005--a period
of more than 60 days from March 1, 2005. Notably, there is no record that the trial court or the arbitrator saw this activity
report. 

 Brenda has the burden of bringing forth the complete record and establishing a basis which would warrant vacating or
modifying the award. GJR Mgmt. Holdings, 126 S.W.3d at 263. We have no record of the arbitration. Although the trial
court heard arguments, the record does not indicate that Brenda presented any testimony or evidence. Without a complete
record, we are to presume that adequate evidence was presented to support the arbitrator's award. Anzilotti v. Gene D.
Liggin, Inc., 899 S.W.2d 264, 267 (Tex. App.--Houston [14th Dist.] 1995, no writ). As a result, we are also unable to
review the evidence to determine whether the arbitrator made a gross mistake which implies bad faith or failure to exercise
honest judgment. Consequently, Brenda has not met her burden to demonstrate how the arbitrator committed a gross
mistake. 

 The limited record reveals some evidence to support the arbitrator's award. Specifically, the record supports the conclusion
that there was no case pending before the Child Support Division because there was no final divorce decree. Additionally,
at the hearing on Brenda's motion, Eric's counsel stated there was a copy of a money order with a purchase date of April 19,
2005. Further, Eric's counsel stated that after Eric sent his second payment, Eric called the Attorney General's Office to
verify the receipt of the payments but the Attorney General's Office was initially not able to locate the payments because his
money orders lacked sufficient identifying information. Thereafter, the payments were identified and posted with a date of
May 3, 2005. Consequently, the record before this court does not support Brenda's allegations that the arbitrator committed
a gross mistake as would imply bad faith or failure to exercise an honest judgment. See GJR Mgmt. Holdings, 126 S.W.3d
at 263. Accordingly, we overrule Brenda's first issue. Geographic Restriction 

 In her third issue, Brenda asserts that Eric's child support delinquency removes the geographic restriction in the divorce
decree. However, Brenda's claim is contingent on a finding that Eric was delinquent in child support. Because we affirm
the trial court's confirmation of the arbitrator's award, we overrule Brenda's contingent issue.

Sanctions

 Eric urges this court, pursuant to Texas Rule of Appellate Procedure 45, to impose sanctions against appellant for filing a
frivolous appeal. Rule 45 allows an appellate court to award "just damages" if it determines that the appeal is objectively
frivolous and injures the appellee. Maldonado v. Macaluso, 100 S.W.3d 345, 346-47 (Tex. App.--San Antonio, 2002, no
pet.). After reviewing the record, we hold that this appeal is not objectively frivolous and deny appellees' request for
sanctions and attorney fees.





Conclusion

 Because the record does not support Brenda's claim that the arbitrator committed a gross mistake, we affirm the trial court's
order entering the arbitrator's award and denying the Motion to Deny Arbitrator's Ruling. 

 

 Rebecca Simmons , Justice