Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★   ★   ★                        ★   ★   ★

# MEMORANDUM OPINION

No. 04-08-00178-CV

Jesus Gregorio "Goyo" **LOPEZ**,
Appellant

v.

Jorge Amado **LOPEZ**,
Appellee

From the 79th Judicial District Court, Brooks County, Texas
Trial Court No. 03-12-12138-CV
Honorable Richard C. Terrell, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Karen Angelini, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:   March 11, 2009

AFFIRMED

Jesus Gregorio "Goyo" Lopez appeals the judgment confirming an arbitration award, arguing

the trial court impermissibly modified the award. We disagree and affirm the judgment.

## BACKGROUND

Brothers Jorge Amado Lopez ("Jorge") and Jesus Gregorio Lopez ("Goyo") entered into what

the arbitrator termed "a rather loose business arrangement" to operate a hunting camp.  After the

relationship soured, Jorge sued Goyo, alleging Goyo had breached their partnership agreement and

breached his fiduciary duties. Jorge sought injunctive relief, dissolution of the alleged partnership, and repayment of funds he allegedly loaned the partnership. In his counterclaim, Goyo alleged the brothers entered into a written contract for the sale of real property, pursuant to which Goyo was to convey to Jorge an 8.477 acre tract of land and a .012500 royalty interest in another tract. In exchange, Jorge would pay Goyo $95,000 in two installments. Goyo alleged Jorge did not make the promised payments. He further alleged that as a result of Jorge's fraud, Goyo "unwittingly" conveyed both property interests to Jorge in a warranty deed dated August 2002, which Jorge subsequently recorded. Goyo alleged fraud and breach of contract and sought cancellation or rescission of the deed. Alternatively, Goyo claimed he had obtained title by adverse possession and prayed for a declaration of title and removal of the cloud on his title. In addition, Goyo alleged Jorge converted his personal property. It appears Jorge denied signing the contract for sale of real property and contended the orally agreed price for the properties was only $91,000.

More than three years after the suit was filed, the brothers agreed to submit the case to binding arbitration. The arbitrator rendered a written decision, stating it was intended to be a full and final settlement of all the claims submitted. In reaching his decision, the arbitrator stated he considered the cash and in-kind contributions made by each of the brothers, "the missing personal property, camp maintenance, or lack thereof, the condition of the camp when possession changed hands and improvements made, as well as the other allegations made by the parties against each other." The arbitrator awarded "[t]he camp in question situated on 8.477 acres of land, more or less, . . . along with all improvements situated thereon" to Jorge. He found "the total purchase price for the 8.477 acres plus improvements" to be $91,000. Finally, he gave Jorge credit in the amount of $62,550 toward the purchase price, and awarded the balance of $28,450 to Goyo. Neither party asked

the arbitrator to modify, correct, or clarify the award. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.054 (Vernon 2005).

On November 1, 2007, the trial court rendered a judgment that recited the arbitrator's findings and awarded a judgment in favor of Goyo and against Jorge in the amount of $28,450. In addition, the judgment states:

> The camp in question situated on 8.477 acres of land, more or less, and the mineral interest in Zapata County, will be awarded in favor of Plaintiff, JORGE AMADO LOPEZ, and against Defendant , JESUS GREGORIO "GOYO" LOPEZ.

Goyo filed a post-judgment motion in which he argued the trial court acted without authority in awarding the mineral interest to Jorge. After a hearing, the motion was denied, and Goyo appealed.

### DISCUSSION

Neither party offered grounds to the trial court for vacating, modifying, or correcting the arbitration award. The trial court therefore was required to confirm it. *Id.* § 171.087. We review the trial court's judgment confirming the award *de novo*. *GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 262 (Tex. App.—San Antonio 2003, pet. denied). Goyo contends that because the arbitrator did not mention the mineral interest in his award and did not award it to Jorge, the judgment erroneously granted Jorge more relief than awarded by the arbitrator.

When the suit was filed, Jorge held record title to both the 8.477 acre tract and the mineral interest by virtue of the August 2002 warranty deed. Among the matters submitted for arbitration were Goyo's claims that the deed should be revoked or rescinded because of Jorge's alleged breach of contract and fraud and that he had acquired title by adverse possession.[1] The arbitrator did not cancel or rescind the deed in the arbitration award, nor did he find Goyo acquired title by adverse

---

[1] At the post-judgment hearing in the trial court, Goyo conceded that his claims regarding the mineral interest were submitted to the arbitrator.

possession. By failing to do so and by stating the camp was awarded to Jorge and fixing the amount of the purchase price Jorge owes to Goyo, the arbitrator impliedly rejected Goyo's claims regarding both property interests. *See Aspri Inv., L.L.C. v. Afeef*, No. 04-07-00249-CV, 2008 WL 441802, at *2 (Tex. App.—San Antonio, Feb. 20, 2008, pet. denied) (mem. op.) (recognizing implied ruling in arbitration award). By failing to revoke or cancel the deed, the arbitrator denied Goyo the relief he requested and necessarily left title to both properties in Jorge. Accordingly, the award of the mineral interest to Jorge in the judgment conformed to the arbitrator's award.

The judgment of the trial court is affirmed.

Steven C. Hilbig, Justice