

# NUMBER 13-18-00151-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

HARALD THIEL AND HEATHER
THIEL,                                                              Appellants,

v.

PETER MICHAEL ZAVALETTA,                        Appellee.

On appeal from the County Court at Law No. 2
of Cameron County, Texas.

# NUMBER 13-18-00358-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**HARALD THIEL AND HEATHER THIEL,**                                              **Appellants,**

**v.**

**FRED W. RUSTEBERG, CHARLES WILLETTE JR., DIANN M. BARTEK, AND INTERNATIONAL BANK OF COMMERCE,**                                              **Appellees.**

**On appeal from the County Court at Law No. 2 of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Tijerina Memorandum Opinion by Justice Tijerina**

Pro se appellants Harald and Heather Thiel (the Thiels) appeal from the trial court's confirmation of an arbitrator's award in appellate cause numbers 13-18-00151-CV and 13-18-00358-CV.[1] In a brief with multifarious issues, the Thiels appear to challenge the trial court's judgment confirming an arbitrator's award in appellate cause numbers 13-18-00151-CV and 13-18-00538-CV. We affirm.

## I.    BACKGROUND

In appellate cause number 13-18-00151-CV, the Thiels sued appellee Peter Zavaletta, their former attorney, for breach of fiduciary duty, and in appellate cause number 13-18-00538-CV, the Thiels sued appellees International Bank of Commerce and

---

[1] The Thiels have filed one brief in both causes.

its employees Fred W. Rustenberg, Charles Willette Jr., and Dianne M. Barteck (collectively the IBC parties) for alleged "torts" they committed in relation to Zavaletta's alleged breach of fiduciary duty.[2] Each appellee filed a motion to compel arbitration in both causes, which the trial court granted after conducting two separate hearings.[3] Separate arbitrations were held in both appellate causes.

After the arbitration in appellate cause number 13-18-00358-CV, the IBC parties filed motions to confirm the arbitrator's award granting a take-nothing judgment against the Thiels and to enter a final judgment. The trial court held a hearing on the matter, granted the IBC parties' motions to confirm the arbitration award, and entered a final take-nothing judgment against the Thiels. Subsequently, in appellate cause number 13-18-00151-CV, the arbitrator awarded the Thiels $19,190 in their case against Zavaletta. The Thiels filed a motion to confirm the arbitrator's award and to enter final judgment, which the trial court granted. The trial court then entered a final judgment ordering Zavaletta to pay the Thiels $19,190. In that cause, the Thiels filed a motion asking that the trial court order Zavaletta to pay them $5,100. The trial court held a hearing on the motion and denied it. These appeals followed.

## II.   DISCUSSION

By their sole issue, as we understand it, in appellate cause number 13-18-00151-CV, the Thiels contend that the trial court's judgment confirming the arbitrator's award is erroneous because the arbitrator failed to award them $5,100 they claim Zavaletta owed

---

[2] We note that the Thiels' original petition is not included in the clerk's record. We take the facts from the reporter's record of the trial court's proceedings in both causes.

[3] Both appellate causes are from trial court cause number 2015-CCL-01215.

3

them in "false fees."[4] The Thiels offer no reason why the trial court's judgment confirming the arbitration award in appellate cause number 13-18-00358-CV is erroneous.

The IBC parties respond that the Thiels' brief is inadequate, and therefore they have waived their issues.[5] In addition, the IBC parties contend that "[b]ecause the matter was properly compelled to arbitration and [the Thiels] have not even asked for vacatur, there is no basis upon which to disturb the trial court's final judgment on appeal."

"An arbitration award is given the same effect as a judgment of last resort and all reasonable presumptions are indulged in favor of the award and none against it." *Black v. Shore*, 443 S.W.3d 154, 161 (Tex. App.—Corpus Christi–Edinburg 2013, pet. denied); *Pheng Invs., Inc. v. Rodriquez*, 196 S.W.3d 322, 329 (Tex. App.—Fort Worth 2006, no pet.) (explaining that "all reasonable presumptions are indulged in favor of the [arbitration] award, and the award is conclusive on the parties as to all matters of fact and law"). Our review of a trial court's decision to vacate or confirm an arbitration award is de novo, and we review the entire record. *Black*, 443 S.W.3d at 161 (citing *In re Guardianship of Cantu de Villarreal*, 330 S.W.3d 11, 17 (Tex. App.—Corpus Christi–Edinburg 2010, no pet.); *Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 683 (Tex. App.—Dallas 2010, pet. denied); *Xtria L.L.C. v. Int'l Ins. Alliance Inc.*, 286 S.W.3d 583, 591 (Tex. App.—Texarkana 2009, pet. denied); *GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 262 (Tex. App.—San Antonio 2003, pet. denied)). "Although we review de novo a trial court's judgment confirming an arbitration award, we give 'strong deference to the

---

[4] In their brief, the Thiels have not provided a clear and concise argument supported with appropriate authority. *See* TEX. R. APP. P. 38.1. The brief does not contain substantive legal analysis of any complaints, and it is multifarious. *See id*. Nonetheless, we have liberally construed the Thiels' brief as an attempt to challenge the trial court's confirmation of the arbitrator's award in both causes.

[5] Zavaletta has not filed a brief to assist us in the resolution of this matter.

4

arbitrator with respect to issues properly left to the arbitrator's resolution.' Our review focuses on the integrity of the process, not the propriety of the result." *Id*. at 162.

An arbitrator has broad discretion in fashioning an appropriate remedy. *Roe v. Ladymon*, 318 S.W.3d 502, 523 (Tex. App.—Dallas 2010, no pet.). We will not reverse an arbitrator's award for a mere mistake of fact or law. *Crossmark, Inc. v. Hazar*, 124 S.W.3d 422, 434–35 (Tex. App.—Dallas 2004, pet. denied). However, "[w]here an arbitrator exceeds his contractual authority, vacation or modification of the award is an appropriate remedy." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 406 (5th Cir. 2001) (quoting *Delta Queen Steamboat Co. v. Dist. 2 Marine Eng'rs Beneficial Ass'n, AFL–CIO*, 889 F.2d 599, 602 (5th Cir. 1989)).

The five grounds for vacating an arbitrator's award are limited to the following: (1) the award was due to corruption, fraud, or undue influence; (2) a party was prejudiced by the evident partiality, or by the corruption, fraud, or undue influence; (3) the arbitrator exceeded his powers; (4) the arbitrator refused to postpone the hearing, refused to hear evidence material to the controversy, or otherwise conducted the hearing so as to substantially prejudice the rights of a party; or (5) there was no arbitration agreement and the complaining party participated at the arbitration over his objection. TEX. CIV. PRAC. & REM. CODE ANN. § 171.088; *Crossmark, Inc.*, 124 S.W.3d at 430.

In appellate cause number 13-18-00358-CV, the Thiels make no argument regarding why the arbitrator's award can be vacated on any ground. Moreover, there is no reporter's record of the arbitration proceeding. Without a record, we are to presume that adequate evidence supported the arbitrator's award. *GJR Mgmt. Holdings, L.P. v. Raus*, 126 S.W.3d 257, 263 (Tex. App.—San Antonio 2003, pet. denied); *Anzilotti v. Gene*

5

*D. Liggin, Inc.*, 899 S.W.2d 264, 267 (Tex. App.—Houston [14th Dist.] 1995, no pet.). Therefore, we conclude that the Thiels have not met their appellate burden of showing that the arbitrator's award was improper on any basis. *See* TEX. R. APP. P. 38.1(i); *see also City of Weslaco v. Castillo*, No. 13-06-023-CV, 2007 WL 2811631, at *4 (Tex. App.—Corpus Christi–Edinburg Sept. 27, 2007, no pet.) (mem. op.) (explaining that the burden is on party challenging the trial court's confirmation of an arbitrator's award to establish that the arbitrator exceeded its authority and concluding that the City had not met its burden because there was no reporter's record of the arbitration).

As to appellate cause number 13-18-000151-CV, the Thiels appear to be challenging the arbitrator's award on a factual basis asserting that the arbitrator failed to award them $5,100 in "false fees" that they claim Zavaletta owed them. Even assuming, without deciding, this is true, we may not reverse an arbitrator's award for a mere mistake of fact. *Crossmark, Inc.*, 124 S.W.3d at 434–35. In addition, there is no record of the arbitration proceeding. As previously stated, without a record, we presume that adequate evidence supported the arbitrator's award. *GJR Mgmt. Holdings, L.P.*, 126 S.W.3d at 263; *Anzilotti*, 899 S.W.2d at 267. Moreover, the Thiels filed a motion to confirm the arbitrator's award, which did not include an award of the $5,100 they claim Zavaletta owes them in "false fees." The trial court granted their motion and confirmed the award. The Thiels cannot now complain about the relief they requested. *See Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 861 (Tex. 2005) (per curiam) ("As a general rule, the doctrine of estoppel precludes a litigant from requesting a ruling from a court and then complaining that the court committed error in giving it to him."). We overrule the Thiels' sole issue in both causes.

6

### III. CONCLUSION

We affirm the trial court's judgments in appellate cause numbers 13-18-00151-CV and 13-18-00358-CV.

JAIME TIJERINA,
Justice

Delivered and filed this
24th day of October, 2019.

7