MULLINAX, WELLS, BAAB AND CLOUTMAN, P.C., Appellants,

v.

Richard SAGE and Charles A. Gulden, Appellees.

No. 05–84–00543–CV.

Court of Appeals of Texas, Dallas.

April 24, 1985.

Roger Albright, Dallas, for appellants.

Randall Reed, Dallas, for appellees.

Before CARVER, WHITHAM and DEVANY, JJ.

### ON MOTION FOR REHEARING

WHITHAM, Justice.

We grant the motion for rehearing of appellees in order that we might delete an erroneous statement made in our original opinion. Accordingly, we withdraw our opinion of March 12, 1985. The following is now our opinion.

Attorneys-appellant, Mullinax, Wells, Baab and Cloutman, P.C., brought this action against client-appellees, Richard Sage and Charles A. Gulden, to enforce a decision and award of the Fee Disputes Committee of the Dallas Bar Association in favor of the attorneys. We learn from a memorandum decision filed by the trial court that the parties stipulated that the trial court should read the file and base its decision upon matters reflected by the file. In addition to pleadings of the parties, the file contained facts arising out of a motion for summary judgment filed by the attorneys. The trial court set aside and held for naught the decision and award of the committee. We conclude that the trial court should have enforced the decision and award of the committee. Accordingly, we reverse and render.

The attorneys and the clients made a written contract. A fee dispute arose. The attorneys and the clients agreed to submit their fee dispute arising out of their contract to binding arbitration before the committee. The clients refused to pay the amount awarded by the committee to the attorneys. It is undisputed that the rights of the parties are to be determined under the common law rather than the Texas General Arbitration Act, TEX. REV.CIV.STAT.ANN. art. 224 (Vernon Supp.1985). When both parties participated in the arbitration proceedings, when neither party unequivocally withdrew its consent to arbitrate, and when the arbitration proceedings resulted in an award, the award is valid and enforceable under Texas common law. *L.H. Lacy Co. v. City of Lubbock*, 559 S.W.2d 348, 350 (Tex.1977). In the present case, both the attorneys and the clients participated in the arbitration proceedings and the arbitration proceedings resulted in an award. Although the clients assert that they agreed to arbitration under duress in order to obtain their file from the attorneys, it is undisputed that the clients never at any time withdrew their consent to arbitrate. In this connection, we note that the clients did not agree to binding arbitration until July 3, 1979, the day *after* their file had been returned to them by the attorneys on July 2, 1979. Moreover, once the parties to a contract have submitted their disputes to arbitration and an award is made, the parties are bound by the award if no fraud, mistake or misconduct is involved. *L.H. Lacy Co.*, 559 S.W.2d at 352.

The clients argue misconduct on the part of the committee. As misconduct, the clients point to the fact that the committee notified them of the award simultaneously with delivery to them of certain time slips and records of the attorneys. The clients complain that they were afforded no opportunity to contest this evidence or to cross-examine the attorneys on this evidence. As put by the clients in their brief, "[clients] suggest that a review of the evidence ex parte by the Fee Disputes Committee and a denial of the [client's] right of cross-examination rises to such a level of misconduct as to warrant the setting aside of the award." At oral argument, however, clients conceded that the committee had before it at the hearing a summary of the time slips and records in question. The clients do not claim that they were afforded no opportunity to contest this summary or to cross-examine the attorneys on this summary. It appears that at the hearing, the attorneys agreed to furnish the time slips and records in question.

Following the hearing, and after receipt of the time slips and records in question, the committee's chairman by letter forwarded the time slips and records in question to the clients and wrote "based on the evidence presented at the December 12 hearing *and [the attorney's] records*, my Subcommittee has entered the enclosed award" (emphasis added). The emphasized part of the chairman's letter is contradicted by the award. The award, signed by all three members of the committee, indicates that the time slips and records in question were not considered by the committee in making its award. The award reads:

> Pursuant to the written agreement of Richard Sage, Charles A. Gulden and Edward B. Cloutman III, to submit certain matters in dispute between them to a Hearing Subcommittee of the Fee Disputes Committee, Dallas Bar Association, a hearing was held on Friday, December 12, 1980, by such Subcommittee, at which hearing the parties appeared in person, and after such hearing before such Subcommittee *and after considering the evidence thereat*, such Subcommittee makes the following Award: [emphasis added].

The language "evidence thereat" indicates that the full committee did not consider the time slips and records in question, but considered only the evidence before it at the hearing. Therefore, we are not certain that the committee even considered the time slips and records in question in making the award. Furthermore, the clients do not contend that there was no evidence, or insufficient evidence, before the committee

at the hearing to support the award, nor do the clients complain of any conduct or ruling of the committee at the hearing.

█ Misconduct of arbitrators contemplates acts evincing unfairness or contrary to all the principles of a just proceeding. The word "misconduct" does not include receiving ex parte affidavits as testimony on plaintiff's behalf, nor refusing to permit defendant to inspect those parts of plaintiff's books in respect to which testimony was being given. *See Turnbull v. Martin,* 37 How.Pr. 20, 21 (New York Common Pleas—1869). Error which constituted "misconduct" justifying vacation of an arbitration award under the United States Arbitration Act must not simply be an error of law, but one which so affects the rights of a party that it may be said to deprive him of a fair hearing. *Fairchild & Co., Inc. v. Richmond, Fredricksburg & Potomac Railroad Co.,* 516 F.Supp. 1305, 1314 (D.D.C.1981). Therefore, we hold that "misconduct" of arbitrators justifying vacation of an arbitration award under Texas common law is an act which so affects the rights of a party as to deprive him of a fair hearing. On the record before us, we conclude that the acts of the committee did not deprive the clients of a fair hearing. We conclude further, therefore, that the matters complained of by the clients do not constitute misconduct. Consequently, we sustain the attorneys' first point of error complaining that the trial court failed to apply the appropriate legal standard in its decision to set aside the decision and award of the binding arbitration. Therefore, we hold that the trial court erred in setting aside the award and in refusing to enforce the decision and award of the committee.

█ Although the attorneys in the prayer in their brief ask that we award them attorneys' fees, they do not assign or argue denial of attorneys' fees as error in the trial court. All assignments of error not brought forward as points of error in an appellant's brief are waived. *Williams v. Cassel,* 515 S.W.2d 403, 405 (Tex.Civ. App.—Austin 1974, no writ); TEX.R.CIV.P. 414(d) & 418(d) (Vernon 1979). Moreover, in the trial court, the attorneys waived any claim against the clients other than to enforce the decision and award of the committee. Furthermore, the attorneys do not appeal from the trial court's judgment dismissing with prejudice all of their claims other than to enforce the decision and award of the committee. Consequently, we conclude that the attorneys are not entitled to recover attorneys' fees in the judgment rendered by this court.

█ We reverse the judgment of the trial court insofar as it sets aside and holds for naught the decision and award of the committee. We render judgment in favor of appellants, Mullinax, Wells, Baab and Cloutman, P.C., and against appellees, Richard Sage and Charles A. Gulden, in the sum of $2,012.26 together with interest thereon at the rate of ten percent (10%) per annum from the 3rd day of April, 1984, the date of the trial court's judgment.[1] All costs in the trial court and in this court are taxed against appellees.

---

1. Computation of judgment rate by the consumer credit commissioner for month of April 1984, 9 Tex.Reg. 1823 (1984), pursuant to TEX.REV. CIV.STAT. art. 5069—1.05, § 2 (Vernon Supp. 1985). The contents of the Texas Register are to be judicially noticed and constitute prima facie evidence of the text of the documents published in the Register and of the fact that they are in effect on and after the date of the notation. TEX.REV.CIV.STAT.ANN. art. 6252–13a, § 4(c) (Vernon Supp.1985).