**AFFIRM; and Opinion Filed June 6, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-00272-CV

**JERRY WRIGHT AND STACI WRIGHT, Appellants**
**V.**
**GREGORY S. MENTA, Appellee**

**On Appeal from the 59th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. CV-12-0093**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Schenck
Opinion by Justice Lang-Miers

Gregory S. Menta sued Jerry Wright, Staci Wright, and several corporate defendants for, among other things, breach of contract relating to the design and sale of a face protector. The parties arbitrated their dispute, and the arbitrator found in favor of Menta. The trial court confirmed the arbitration award, and the Wrights appeal. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

### BACKGROUND

Menta and Jerry Wright were friends. Wright showed Menta a face protector he designed for the sports industry, and Menta suggested redesigning it for use in the welding and grinding industry. Menta claimed that he and Wright orally agreed to work together on the redesigned face protector and to split the net profits 50/50. When Menta learned that Wright applied for

patents relating to the redesigned face protector listing himself as the sole inventor and had not been sharing the profits as agreed, Menta sued.

The parties agreed to arbitrate their dispute. However, at some point the Wrights and corporate defendants removed the case from arbitration to federal court arguing that the arbitrator did not have jurisdiction to determine patent issues. The federal magistrate judge recommended that all claims be remanded to the arbitrator except for the claim regarding inventorship of the face protector, which all parties agree is exclusively a matter of federal jurisdiction. In the magistrate's recommendation, he stated that the issue of who owned the patents was suitable for arbitration, and that the issue of who invented the design would be indirectly relevant to the determination of ownership.

During the arbitration hearing, the parties presented evidence related to ownership and inventorship of the redesigned face protector and whether they had formed a contract to split the net profits. Menta claimed they formed a contract; the Wrights and corporate defendants claimed they did not. At the conclusion of arbitration, the arbitrator asked the parties to submit their respective applications for attorneys' fees. The parties did so by affidavit.

The arbitrator issued a final arbitration award finding that Menta and Wright formed an oral contract to evenly divide the net profits from the sale of the face protector, that Menta performed under the agreement, that Wright and the corporate defendants did not, and that Menta is a co-owner of the patents relating to the face protector. The arbitrator awarded Menta $962,830.27 in damages and $595,079.47 in attorneys' fees. Pursuant to post-hearing motions, the arbitrator amended the final arbitration award to "remove Staci Wright as a liable party" and include the specific patent and patent application numbers related to the face protector. The amended arbitration award did not change the decision on the merits or modify the monetary

awards. Menta moved to confirm the amended arbitration award. The Wrights objected to the amended arbitration award and also moved to vacate or, alternatively, modify the award.[1]

The trial court held a hearing on the motions and took the matter under advisement. The court subsequently remanded the Wrights' objections to the arbitrator for further consideration. The arbitrator overruled the objections, stating in his order that he had "carefully considered" the objections and found them to be "without merit."

Menta then filed a proposed order confirming the amended arbitration award, and the Wrights reasserted their objections. The trial court issued an "Order and Final Judgment" confirming the amended final arbitration award. This appeal followed.

APPLICABLE LAW & STANDARD OF REVIEW

Texas law favors arbitration. *E. Tex. Salt Water Disp. Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010). A trial court must confirm an arbitration award except in limited circumstances. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.087 (West 2011) ("Unless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091, the court, on application of a party, shall confirm the award."). An arbitration award has the same effect as a judgment of a court of last resort. *CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002). A party may appeal a judgment confirming an arbitration award, but judicial review is extraordinarily narrow. *Werline*, 307 S.W.3d at 271.

We review an arbitration award de novo. *Humitech Dev. Corp. v. Perman*, 424 S.W.3d 782, 790 (Tex. App.—Dallas 2014, no pet.). In doing so, we indulge presumptions in favor of the award and none against it. *CVN Group*, 95 S.W.3d at 238; *Humitech Dev. Corp.*, 424 S.W.3d at 790. We may vacate an arbitration award if, among other reasons, a party's rights

---

[1] Meanwhile, the corporate defendants filed bankruptcy. The bankruptcy court modified the automatic stay to allow this lawsuit to proceed to final judgment and appeal. The corporate defendants are not parties to this appeal.

–3–

were prejudiced by the misconduct or willful misbehavior of the arbitrator, the arbitrator exceeded his powers, or the arbitrator conducted the hearing contrary to Chapter 171. TEX. CIV. PRAC. & REM. CODE ANN. § 171.088. But an award is conclusive as to all matters of fact and law. *Humitech Dev. Corp.*, 424 S.W.3d at 790 ("we may not vacate an award even if it is based upon a mistake of fact or law").

## DISCUSSION

In four issues, the Wrights contend that the trial court erred by confirming the amended arbitration award because the arbitrator conducted the hearing in violation of the Texas Civil Practice and Remedies Code, the amended arbitration award is unenforceable for vagueness, the arbitrator awarded attorneys' fees for a claim outside its jurisdiction, and the trial court unconstitutionally delegated its duty to the arbitrator.[2] We address each issue in turn.

### 1. Did the Arbitrator Violate the Texas Civil Practice & Remedies Code?

In issue one, the Wrights argue that the trial court erred by confirming the amended "arbitration award that included attorney fees awarded based on *ex parte* evidence in violation of Texas Civil Practice and Remedies Code §§ 171.088(a)(3)(D) and 171.047."

Section 171.088 states:

(a) On application of a party, the court shall vacate an award if:
    (1) the award was obtained by corruption, fraud, or other undue means;
    (2) the rights of a party were prejudiced by:

---

[2] The Wrights' issues are:

Issue 1: The trial court erred when it confirmed the arbitration award that included attorney fees awarded based on *ex parte* evidence in violation of Texas Civil Practice and Remedies Code §§ 171.088(a)(3)(D) and 171.047.

Issue 2: The trial court erred when it confirmed the arbitration award that included impermissibly vague and undefined interests in patents and interests in foreign patents awarded without evidence.

Issue 3: The trial court erred when it confirmed the arbitration award that included attorney fees for patent inventorship claims outside of state court jurisdiction as well as beyond the agreement to arbitrate and the authority of the arbitrator.

Issue 4: The trial court erred when it confirmed the arbitration award after delegating to the arbitrator the trial court's duty to review and rule upon objections to the confirmation of the award and the motion to vacate the award.

–4–

(A) evident partiality by an arbitrator appointed as a neutral arbitrator;

(B) corruption in an arbitrator; or

(C) misconduct or wilful misbehavior of an arbitrator;

(3) the arbitrators:

(A) exceeded their powers;

(B) refused to postpone the hearing after a showing of sufficient cause for the postponement;

(C) refused to hear evidence material to the controversy; or

(D) conducted the hearing, contrary to Section 171.043, 171.044, 171.045, 171.046, or 171.047, in a manner that substantially prejudiced the rights of a party; or

(4) there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under Subchapter B, and the party did not participate in the arbitration hearing without raising the objection.

TEX. CIV. PRAC. & REM. CODE ANN. § 171.088 (internal footnote omitted). The specific provisions relied on by the Wrights in their appellate briefing are subsection (a)(3)(D) and section 171.047. Section 171.047 states that unless otherwise provided by the parties' arbitration agreement, the arbitrator must give a party the opportunity to be heard, to present evidence material to the controversy, and to cross-examine witnesses. *Id*. § 171.047. The Wrights also refer to the arbitrator's alleged "misconduct" in their discussion of this issue, but do not specifically cite subsection (a)(2)(C). *See id*. § 171.088(a)(2)(C).

The record shows that at the conclusion of the arbitration hearing, the arbitrator asked the parties to submit their respective applications for attorneys' fees. They did so by affidavit. Menta's application for attorneys' fees contained three attorneys' affidavits, each setting out the work the attorney and his staff performed and the amount of fees Menta sought for those services. Each attorney's affidavit stated that his billing records would be submitted to the arbitrator for *in camera* inspection because the records contained privileged information. Menta sent his application for attorneys' fees by e-mail to the arbitrator. In the e-mail, Menta told the arbitrator that he was separately submitting the detailed billing records of his attorneys.

–5–

The Wrights objected to the separate submission of detailed billing records because those records had not been produced to them. They argued that they were entitled to see any billing records relied on by Menta and the arbitrator and that the arbitrator should not consider the records as evidence because the records had not been produced in discovery. They also argued that the remedy for failing to produce those records was either to strike the attorneys' affidavits or order Menta to produce redacted billing records and give the Wrights additional time in which to lodge objections. The arbitrator overruled the Wrights' objections in the final arbitration award.

The Wrights re-urged this objection, along with others, in the trial court in response to Menta's motion to confirm the award. The trial court took all of the Wrights' objections under advisement and subsequently remanded them to the arbitrator for "further consideration." The arbitrator issued an order overruling the objections, stating he had "carefully considered" the objections and concluded they were "without merit."

On appeal the Wrights contend that the arbitrator considered ex parte evidence in awarding attorneys' fees, and the misconduct deprived them of the opportunity to be heard and resulted in an unfair hearing. They contend that the "receipt and reliance upon material *ex parte* evidence to render an attorneys' fees award of over a half million dollars is a fundamental error related to the fairness of the arbitration process" and violated their due process rights. And they contend that substantial prejudice resulted because the billing records "allegedly showed the work that had been done in a case in which numerous claims had been brought for which no recovery of attorneys' fees is allowed and for which the arbitrator and the trial court had no jurisdiction to award."

The receipt of ex parte evidence does not necessarily rise to the level of "misconduct" so as to justify vacating an arbitration award. *See Mullinax, Wells, Baab & Cloutman, P.C. v. Sage*,

692 S.W.2d 533, 536 (Tex. App.—Dallas 1985, writ ref'd n.r.e.). Instead, "misconduct" justifying the vacatur of an arbitration award must be conduct that "evince[ed] unfairness or [was] contrary to all the principles of a just proceeding." *Id.*; *see also IPCO-G.&C. Joint Venture v. A.B. Chance Co.*, 65 S.W.3d 252, 258 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (quoting *Mullinax*, 692 S.W.2d at 536). The Wrights argue that this case is distinguishable from *Mullinax* because in that case the record showed the arbitrator did not rely on the ex parte evidence and, in this case, the arbitrator said he considered "the records submitted," which were the detailed billing records.

But the amended arbitration award does not state whether "the records submitted" referred to the affidavits submitted by Menta's attorneys, the detailed billing records, or both. And the record does not otherwise indicate that the arbitrator considered the detailed billing records as opposed to just the affidavits. Additionally, the arbitrator did not deny the Wrights an opportunity to be heard. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.047. The Wrights were given notice that Menta intended to submit the records *in camera*, they objected to the arbitrator's consideration of the detailed billing records as evidence, and the arbitrator overruled their objections, twice. *See Statewide Remodeling, Inc. v. Odom*, No. 05-07-01527-CV, 2009 WL 1018253, at *3 (Tex. App.—Dallas Apr. 16, 2009, no pet.) (mem. op.) (due process requires notice and opportunity to present objections).

Even assuming without deciding that the arbitrator's receipt of billing records could have amounted to misconduct, however, we have reviewed the record and conclude that any alleged misconduct did not rise to the level of depriving the Wrights of a fair hearing. *See Mullinax*, 692 S.W.2d at 536; *IPCO-G.&C. Joint Venture*, 65 S.W.3d at 258. The record contains evidence to support the arbitrator's award of attorneys' fees even without the detailed billing records. Menta's attorneys' affidavits contained considerable detail about the services rendered and the

fees charged for those services. *See IPCO*, 65 S.W.3d at 258. And each attorney explained why those fees were recoverable. The Wrights did not lodge specific objections aimed at the affidavits themselves. And because the affidavits alone support the amount of attorneys' fees awarded, there is no record support for the Wrights' argument that they were substantially prejudiced by the arbitrator's consideration of the detailed billing records. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(D) (hearing that violated code must have been conducted "in a manner that substantially prejudiced the rights of a party").

The arbitrator also stated that he considered many factors in awarding attorneys' fees, only one of which was "the records submitted":

> Having engaged in the analysis depicted in applicable law and having considered all of the relevant factors identified by the courts and having considered these proceedings as they unfolded, including the time and labor required for the matter; the novelty and difficulty of the questions presented; hours billed; the records submitted; the reasonableness of the hours; the work performed; the experience, reputation, and ability of counsel; the customary fee for similar work in arbitration; the skill required to perform the legal services properly in arbitration; time limitations imposed by the client or circumstances; the amount involved and the results obtained; and awards in similar cases for reasonable attorneys' fees, Menta is awarded $595,079.47 for reasonable and necessary attorneys' fees, costs and expenses against Wright and the Corporate Respondents, jointly and severally.

Having considered the arguments and reviewed the entire record, we conclude that the Wrights have not presented a basis for vacating the amended arbitration award. Accordingly, we conclude that the trial court did not err by confirming the amended final arbitration award, and we resolve issue one against the Wrights.

### 2. Is the Award Unenforceable for Vagueness?

In issue two, the Wrights argue that the amended arbitration award "was impermissibly vague regarding undefined interests in patents for which there was no evidence." The arbitrator concluded that Menta was a "co-owner" of the patents without stating the percentage of co-ownership belonging to either Menta or Jerry Wright. The Wrights contend that this makes the

–8–

arbitration award "impermissibly vague." They also contend that the final judgment confirming the amended arbitration award "is void in that it grants an unspecified ownership interest in patents" and is unenforceable for the same reason. Additionally, the Wrights argue that the phrases "relating to" and "including" instead of "consist of" or "are" when referring to the patents and patent applications also caused the amended arbitration award to be vague.

The Wrights do not assert a statutory basis allowing us to vacate an arbitration award for vagueness, and we have not found any authority stating that vagueness is a basis upon which to vacate an arbitration award. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088; *cf. id.* § 171.054(a)(2) (authorizing parties to return to arbitrator to clarify award for 20 days after its delivery). Additionally, to the extent the Wrights argue that there was no evidence to support a finding "regarding undefined interests in patents," this complaint is in the nature of a mistake-of-law argument for which we have no authority to vacate an arbitration award. *See Humitech Dev. Corp.*, 424 S.W.3d at 794 (we may not vacate award based upon mistake of fact or law). Consequently, we resolve issue two against the Wrights.

### 3. Did the Arbitrator Exceed His Authority?

In issue three, the Wrights contend that the trial court erred by confirming the amended arbitration award because the arbitrator exceeded his authority by awarding attorneys' fees for claims outside its jurisdiction and outside the scope of the arbitration agreement, specifically, attorneys' fees for patent inventorship. The Wrights argue that one of Menta's attorneys rendered services for "substantial work on inventorship claims," a matter reserved exclusively for federal courts, and that the arbitrator exceeded his powers by awarding fees to Menta for those services. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(A) (arbitration award may be vacated when arbitrator exceeded powers).

–9–

In a Rule 11 agreement, the parties agreed "to arbitrate all claims, defenses, counter-claims and issues by all parties that could have been brought in the above-styled lawsuit . . . ." And they agreed that "[t]he arbitrator may award any and all relief allowed under the applicable law for the claims made."

The attorney whose fees the Wrights complain about stated in his affidavit that "virtually all of the claims/causes of action in this arbitration . . . have been inextricably intertwined with each other . . . . As such, the entirety of the undersigned's professional fees and expenses incurred in this matter . . . have been relevant to and required for furthering all of Menta's claims that are entitled to an award of attorneys' fees to date in this arbitration." The award of attorneys' fees was based on the arbitrator's finding that Wright breached the contract with Menta to divide the net profits 50/50. Accordingly, we conclude that the attorney's affidavit and the parties' arbitration agreement show that the arbitrator did not exceed the scope of the parties' agreement in awarding attorneys' fees.

Additionally, the arbitrator specifically stated in the amended arbitration award that he did "not address inventorship of the patents, exclusively the jurisdiction of the federal courts" and determined only the issue of ownership of the patents. We presume the arbitrator's award of attorneys' fees was for claims properly submitted to him to decide, and nothing in the record rebuts that presumption. *See CVN Group*, 95 S.W.3d at 238; *Humitech Dev. Corp.*, 424 S.W.3d at 792. Accordingly, we resolve issue three against the Wrights.

### 4. Did the Trial Court Unconstitutionally Delegate its Duty?

In issue four, the Wrights argue that the trial court unconstitutionally delegated its duty by remanding their objections to the arbitrator for further consideration. They contend that the trial court may return the matter to the arbitrator only after the court vacates the award. We disagree.

–10–

Section 171.054 gives an arbitrator the authority to clarify an award upon request by a party or the trial court. TEX. CIV. PRAC. & REM. CODE ANN. § 171.054(a)(2), (b); *see also Barsness v. Scott*, 126 S.W.3d 232, 240–41 (Tex. App.—San Antonio 2003, pet. denied) (arbitrator may clarify award when original award is ambiguous); *Daniewicz v. Thermo Instrument Sys., Inc.*, 992 S.W.2d 713, 716–18 (Tex. App.—Austin 1999, pet. denied) (arbitrator may correct or modify award to clarify it).

Although Menta sought clarification from the arbitrator in a post-hearing motion, the record does not indicate that the Wrights asked the arbitrator to clarify its award to eliminate vagueness with regard to the patent ownership issue or to delete the award of attorneys' fees that they claimed were solely for the patent inventorship issue. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.054(a)(1), .091(a)(2) (arbitrator may clarify award if made award on matter not submitted and award may be corrected without affecting merits of decision on issues that were submitted). Instead, the Wrights filed those objections in the trial court, and pursuant to Chapter 171, the trial court was within its discretion to ask the arbitrator to further consider those issues. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.054(a)(1), .091(a)(2); *see also Barsness*, 126 S.W.3d at 240–41; *Daniewicz*, 992 S.W.2d at 716–18. The trial court did not delegate its duty to either confirm or vacate the award. Accordingly, we conclude that the Wrights have not shown the trial court unconstitutionally delegated its duties to the arbitrator, and we resolve issue four against them.

## CONCLUSION

Having resolved all issues against the Wrights, we affirm the trial court's judgment confirming the amended final arbitration award.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

150272F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JERRY WRIGHT AND STACI WRIGHT, Appellants

No. 05-15-00272-CV      V.

GREGORY S. MENTA, Appellee

On Appeal from the 59th Judicial District Court, Grayson County, Texas
Trial Court Cause No. CV-12-0093.
Opinion delivered by Justice Lang-Miers.
Justices Bridges and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Gregory S. Menta recover his costs of this appeal from appellants Jerry Wright and Staci Wright.

Judgment entered this 6th day of June, 2016.